```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**BRIAN LANCE BRANTNER,**

      **Plaintiff,**

**v.**                     **//**    **CIVIL ACTION NO. 1:16CV223**
                                           (Judge Keeley)

**NORTH CENTRAL REGIONAL JAIL;**
**DR. HUFFMAN; NURSE STAFF;**
**CORRECTIONAL OFFICERS STAFF;**
**and ADMINISTRATOR AT NCRJ,**

      **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 34]**
**AND DISMISSING § 1983 COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

On November 21, 2016, the <u>pro se</u> plaintiff, Brian Lance Brantner ("Brantner"), filed this complaint pursuant to 42 U.S.C. § 1983 against defendants North Central Regional Jail ("NCRJ"), Dr. Huffman, Nurse Staff, Correctional Officers Staff, and the NCRJ Administrator (Dkt. No. 1). Liberally construed, Brantner's complaint seeks $50 million and alleges that the defendants engaged in medical malpractice or violated his Eighth Amendment rights by improperly treating him for injuries sustained when he "fell down the steps." <u>Id.</u> at 7-10. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the complaint to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review.

On April 3, 2017, Dr. Huffman, NCRJ, and the NCRJ Administrator moved to dismiss Brantner's complaint pursuant to

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 34] AND DISMISSING § 1983 COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Dkt. Nos. 18; 20).[1] NCRJ and the NCRJ Administrator argued that the Eleventh Amendment bars Brantner's claims, that Brantner failed to state a cognizable Eighth Amendment claim, and that he failed to exhaust his administrative remedies (Dkt. No. 19). Dr. Huffman argued that Brantner's complaint failed to state a claim for the deprivation of his constitutional rights, and that Brantner had failed to comply with the pre-suit requirements for maintaining a medical malpractice claim (Dkt. No. 20-1). Brantner responded to the defendants' contentions on April 14, 2017 (Dkt. Nos. 27; 28).

In a Report and Recommendation ("R&R") entered on January 22, 2018, Magistrate Judge Aloi recommended that the Court grant the defendants' motions and dismiss Brantner's complaint with prejudice (Dkt. No. 34). As an initial matter, he reasoned that NCRJ is not a "person" subject to suit under 42 U.S.C. § 1983, and that Brantner never alleged any personal involvement or facts establishing that the NCRJ Administrator should be held liable in his supervisory capacity. Id. 10-13. With regard to Dr. Huffman, the R&R concluded that Brantner's complaint failed to state a claim for deliberate indifference, and agreed that Brantner had not

---

[1] Although Magistrate Judge Aloi gave Brantner additional time to identify the "nurse staff" and "correctional officers staff" named in his complaint, Brantner never did so (Dkt. Nos. 10; 21).

complied with the pre-suit requirements for bringing a medical malpractice claim under West Virginia law. Id. at 17-26. Finally, Magistrate Judge Aloi recommended that the Court dismiss the John Doe and Jane Doe defendants, given that Brantner had failed to identify them for a period of nearly fourteen months. Id. at 26-27.

The R&R also informed Brantner of his right to file "written objections identifying those portions of the recommendation to which objection is made and the basis for such objections." Id. at 28. It further warned that the failure to do so may result in waiver of the right to appeal. Id. Although the Court's docket reflects that Brantner received the R&R on January 25, 2018 (Dkt. No. 36), he has not filed any objections.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See

Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review of the R&R. Dellacirprete, 479 F. Supp. 2d at 603-04. Upon review of the R&R and the record for clear error, the Court:

1) **ADOPTS** the R&R (Dkt. No. 34);

2) **GRANTS** the Motion to Dismiss on Behalf of Defendants North Central Regional Jail and Administrator at North Central Regional Jail (Dkt. No. 18);

3) **GRANTS** the Motion to Dismiss Complaint and Alternative Motion for Summary Judgment by Defendant Andrea Huffman, M.D. (Dkt. No. 20); and

4) **DISMISSES** the complaint **WITH PREJUDICE** (Dkt. No. 1).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, certified mail and return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: February 20, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE